# **EXHIBIT A**

Case 8:24-cv-02521-DOC-ADS    Document 1-2    Filed 11/18/24    Page 2 of 24    Page ID
Electronically Filed by Superior Court of California, County of Orange, 10/15/2024 10:28:55 AM.
30-2024-01433088-CU-PL-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

Misoo Choi, Esq., SBN 276218
**LAW OFFICE OF MISOO CHOI, APC**
3435 Wilshire Blvd., Suite 2700-49
Los Angeles, CA 90010
Telephone: (323) 496-2574
Fax: (213) 297-0195
Email: mchoi@mschoilaw.com

Attorney for Plaintiff MIN SHIN

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| MIN SHIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Corporation; and DOES 1 through 50, inclusive;<br><br>Defendants. | **Assigned for All Purposes**<br>Judge Thomas S McConville<br>Case No.: 30-2024-01433088-CU-PL-CJC<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATION OF SUBDIVISION (d) OF CIVIL CODE SECTION 1793.2;**<br><br>**2. VIOLATION OF SUBDIVISION (b) OF CIVIL CODE SECTION 1793.2;**<br><br>**3. VIOLATION OF SUBDIVISION (a)(3) OF CIVIL CODE SECTION 1793.2;**<br><br>**4. BREACH OF EXPRESS WARRANTY UNDER THE SONG BEVERLY WARRANTY ACT, CIVIL CODE SECTION 1791.2 SUBDIVISION (a); SECTION 1794;**<br><br>**5. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE SONG-BEVERLY WARRANTY ACT, CIVIL CODE SECTION 1791.1; SECTION 1794**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR VIOLATIONS OF STATUTORY OBLIGATIONS

**TO THE HONORABLE COURT AND DEFENDANTS HEREIN:**

COMES NOW Plaintiff MIN SHIN, an individual, (hereinafter referred to as "Plaintiff"), for causes of action against Defendants, MERCEDES-BENZ USA, LLC (hereinafter "Manufacturer" or "Defendant MBUSA"), and DOES 1 through 50, inclusive, as follows:

**PARTIES**

1.      As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff, MIN SHIN.

2.      Plaintiff, is, and at all times mentioned herein was, a resident of the County of Orange, State of California.

3.      As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

4.      Defendant MBUSA is, and at all times mentioned herein was, a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in the State of California. Defendant is, and at all times mentioned herein was, engaged in the design, manufacture, construction, assembly, marketing, sale, and distribution of automobiles, motor vehicles and other related components and services in Orange County.

5.      Plaintiff is ignorant of the true names and/or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 50, inclusive, and each of them.  Plaintiff will amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

**GENERAL ALLEGATIONS**

6.      On or about May 18, 2024, in exchange for valuable consideration, Plaintiff purchased a 2024 Mercedes-Benz S63EV4 (hereinafter "Vehicle"), manufactured and/or distributed by Defendant MBUSA, with corresponding Vehicle Identification Number W1K6G8CB5RA269481. Plaintiff purchased the vehicle from Fletcher Jones Motor Cars. Inc., an authorized Mercedes-Benz dealership located in Newport Beach, California.

- 2 -

7.     The total amount paid and payable, incidental and consequential damages and civil penalties exceeds $25,000.

8.     Plaintiff purchased the Vehicle primarily for personal, family, or household purposes.

9.     Plaintiff purchased the Vehicle from a person or entity in the business of manufacturing, distributing, or selling consumer goods at retail.

10.    In connection with the purchase of the Vehicle, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

11.    After Plaintiff took possession of the Vehicle and during the warranty period, the Vehicle contained or developed defects, listed below, that substantially impair the use, safety, and/or value of the Vehicle.

12.    During the warranty period, the Vehicle contained or developed defects, including, but not limited to the following non-conformities relating to the vehicle's electrical issues, and any additional complaints made by Plaintiff, whether or not they are contained in the records or on any repair orders.

13.    The defects listed above violate the express written warranties issued by Defendant, as well as the implied warranty of merchantability.

14.    Plaintiff provided Defendant and its representatives in this state sufficient opportunity to service or repair the Vehicle.

15.    Defendant and its representatives in this state were unable and/or failed to service or repair the Vehicle within a reasonable number of attempts.

16.    Said defects have substantially impaired the safety, use and/or value of the Vehicle.

COMPLAINT FOR VIOLATIONS OF STATUTORY OBLIGATIONS

17.    Said defects could not have been discovered by Plaintiff prior to Plaintiff's acceptance of the Vehicle.

18.    Plaintiff has been and will continue to be financially damaged due to Defendant's failure to comply with the provisions of the express and implied warranties.

## FIRST CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT MBUSA ONLY

### VIOLATION OF SUBDIVISION (d) OF CIVIL CODE SECTION 1793.2

19.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 18, inclusive, of the General Allegations, above.

20.    Plaintiff presented the Vehicle for repair to Defendant and its representatives in this state for various defects that substantially impair the safety, use and/or value of the Vehicle.

21.    Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities.  Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1794, subdivision (a).

22.    Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

23.    Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

- 4 -

COMPLAINT FOR VIOLATIONS OF STATUTORY OBLIGATIONS

24.     Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (e).

25.     Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (e)(5).

**SECOND CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT MBUSA ONLY**

**VIOLATION OF SUBDIVISION (b) OF CIVIL CODE SECTION 1793.2**

26.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 25, inclusive, of the General Allegations, above.

27.     Although Plaintiff presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

28.     Plaintiff has been damaged by Manufacturer's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

29.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting

COMPLAINT FOR VIOLATIONS OF STATUTORY OBLIGATIONS

1  from its defects.  Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

2      30.    Defendant's failure to comply with its obligations under Civil Code section

3  1793.2(b) was willful, in that Defendant and its representative were aware that they were

4  obligated to service or repair the Vehicle to conform to the applicable express warranties within

5  30 days, yet they failed to do so.  Accordingly, Plaintiff is entitled to a civil penalty of two times

6  Plaintiff's actual damages pursuant to Civil Code section 1794(c).

7                          **THIRD CAUSE OF ACTION**

8                **BY PLAINTIFF AGAINST DEFENDANT MBUSA ONLY**

9        **VIOLATION OF SUBDIVISION (a)(3) OF CIVIL CODE SECTION 1793.2**

10     31.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

11  and statement contained in paragraphs 1 through 30, inclusive, of the General Allegations,

12  above.

13     32.    In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to

14  make available to its authorized service and repair facilities sufficient service literature and

15  replacement parts to effect repairs during the express warranty period.  Plaintiff has been

16  damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section

17  1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

18     33.    Defendant's failure to comply with its obligations under Civil Code section

19  1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide

20  literature and replacement parts sufficient to allow its repair facilities to effect repairs during the

21  warranty period, yet Defendant failed to take any action to correct its failure to comply with the

22  law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages;

23  pursuant to Civil Code section 1794(c).

24                        **FOURTH CAUSE OF ACTION**

25                **BY PLAINTIFF AGAINST DEFENDANT MBUSA ONLY**

26                **BREACH OF EXPRESS WRITTEN WARRANTY**

27        **CIVIL CODE SECTION 1791.2 SUBDIVISION (a); SECTION 1794**

28

- 6 -

34.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 33, inclusive, of the General Allegations, above.

35.     In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

36.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

37.     Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its authorized representative were aware that they were obligated to repair the Defects, but they intentionally refused to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times of Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## FIFTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT MBUSA ONLY

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

### CIVIL CODE SECTION 1791.1; SECTION 1794

38.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 37, inclusive, of the General Allegations, above.

39.     Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

- 7 -

1    40.    Pursuant to Civil Code section 1791.1 (a), the implied warranty of

2    merchantability means and includes that the Vehicle will comply with each of the following

3    requirements:    (1) The Vehicle will pass without objection in the trade under the contract

4    description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3)

5    The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the

6    promises or affirmations of fact made on the container or label.

7    41.    On or about May 18, 2024, or within one-year thereafter, the Vehicle contained or

8    developed the defects set forth above. The existence of each of these defects constitutes a breach

9    of the implied warranty because the Vehicle (1) does not pass without objection in the trade

10    under the contract description, (2) is not fit for the ordinary purposes for which such goods are

11    used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the

12    promises or affirmations of fact made on the container or label.

13    42.    Plaintiff has been damaged by Defendant's failure to comply with its obligations

14    under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code

15    section 1794.

16

17    **PRAYER**

18    PLAINTIFF PRAYS for judgment against Defendant as follows:

19    a.    For Plaintiff's actual damages in the amount according to proof at trial;

20    b.    For restitution;

21    c.    For a civil penalty in the amount of two times Plaintiff's actual damages

22    pursuant to Civil Code section 1794, subdivision (c) or (e);

23    d.    For any consequential and incidental damages;

24    e.    For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to

25    Civil Code section 1794, subdivision (d);

26    f.    For prejudgment interest at the legal rate; and

27    g.    For such other relief as the Court may deem proper.

28

- 8 -

COMPLAINT FOR VIOLATIONS OF STATUTORY OBLIGATIONS

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a jury trial on all causes of action asserted herein.

3

4    Dated: October 15, 2024                          **LAW OFFICE OF MISOO CHOI, APC**

5

6                                             By:  _____

7                                                  Misoo Choi, Esq.
                                                   Attorney for Plaintiff,
8                                                  MIN SHIN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATIONS OF STATUTORY OBLIGATIONS

Sabrina C. Narain (SBN 299471)
sabrina.narain@ltlattorneys.com
Cynthia Y. Sun (SBN 245123)
Cynthia.Sun@ltlattorneys.com
Alexandra B. Jara (SBN 355695)
alexandra.jara@ltlattorneys.com
**LTL ATTORNEYS LLP**
300 South Grand Ave., Suite 3950
Los Angeles, CA 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
ltl-e-service@ltlattorneys.com

Attorneys for Defendant
**MERCEDES-BENZ USA, LLC**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| MIN SHIN, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendant. | **CASE NO.   30-2024-01433088-CU-PL-CJC**<br><br>**DEFENDANT MERCEDES-BENZ USA, LLC'S ANSWER TO PLAINTIFF MIN SHIN'S UNVERIFIED COMPLAINT**<br><br>Judge:        Hon. Thomas S. McConville<br>Dept.:        C28<br><br>Complaint Filed:   October 15, 2024<br>Trial Date:        None Set |

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant MERCEDES-BENZ USA, LLC ("Defendant") hereby answers the unverified Complaint of Plaintiff MIN SHIN ("Plaintiff") on file as follows:

## GENERAL DENIAL

1.    Pursuant to the provisions of Code of Civil Procedure section 431.30, subdivision (d), Defendant denies generally and specifically, all of the allegations contained in the Complaint and specifically denies that it caused or contributed to any alleged damages, and further denies that Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise, or at all.

## AFFIRMATIVE DEFENSES

2.    Defendant alleges on information and belief, and where information is not available but the failure to allege would result in waiver of the defense, the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

3.    Plaintiff's Complaint, each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant and Defendant denies that Plaintiff was damaged in any sum or sums, or at all.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.    Defendant is informed and believes, and on that basis alleges, that some or all of Plaintiff's claims may be barred by the statute of limitations, including but not limited to limitations contained within Commercial Code section 2725, Code of Civil Procedure sections 338 and 340, and Civil Code section 1783.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

5.    Plaintiff is estopped from obtaining the relief sought or pursuing any of the claims raised or causes of actions contained in the Complaint, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

6.      Plaintiff has waived their right to the claims, causes of action and relief sought in this Complaint against Defendant, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

7.      Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Defendant. Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

(Economic Loss Rule)

8.      Plaintiff's causes of action have not accrued because Plaintiff cannot establish that they suffered injury directly from the subject vehicle or products, and therefore Plaintiff's contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

**SEVENTH AFFIRMATIVE DEFENSE**

(Vehicle Fit for Intended Purpose)

9.      Defendant is informed and believes, and on that basis alleges, that the subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability. (*American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.)

**EIGHTH AFFIRMATIVE DEFENSE**

(Duration of Implied Warranty)

10.      Defendant is informed and believes, and on that basis alleges, that some or all of the alleged defects did not arise until more than three months had elapsed since the subject vehicle was sold to Plaintiff. Accordingly, Plaintiff is not entitled to relief for such concerns under the breach of the implied warranty of merchantability. Civil Code section 1795.5.

**NINTH AFFIRMATIVE DEFENSE**

(Lack of Maintenance and Other Exclusions)

11.     Defendant is informed and believes, and on that basis alleges that Plaintiff and/or others may have improperly cared for and maintained the subject vehicle, and that some of Plaintiff's concerns may have been proximately caused by such lack of maintenance of the subject vehicle or products. Defendant reserves the right to identify additional exclusions which may be applicable.

**TENTH AFFIRMATIVE DEFENSE**

(Unreasonable or Unauthorized Use of Vehicle)

12.     Defendant is informed and believes, and on that basis alleges, that some of Plaintiff's concerns may be barred by Plaintiff's unreasonable or unauthorized use of the vehicle. (Civil Code section 1794.3.)

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Timely Revocation of Acceptance)

13.     Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Reasonable Number of Attempts to Repair Afforded)

14.     The Complaint, each and every cause of action therein, does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of the Civil Code section 1793.22(b).

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Preemption)

15.     The Complaint, each and every cause of action therein, in whole, or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118 *et seq.*

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Performance)

16.    Prior to the commencement of this action, Defendant fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by it or on their behalf and this action is therefore barred by the provisions of Civil Code section 1473.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Abide by Terms of Warranty)

17.    Claims by Plaintiff of breach of warranty are barred because of Plaintiff's failure to give timely and appropriate notice of any claim of breach of warranty.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Use Third-Party Dispute Resolution)

18.    Defendant makes available a qualified third-party dispute resolution process, and therefore, they are entitled to relief under certain provisions of the Song-Berly Consumer Warranty Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

19.    Plaintiff is barred from recovery, in whole or in part, on the ground that Plaintiff is subject to the defense of accord and satisfaction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Evaluation)

20.    At all times, Defendant's evaluation of Plaintiff's repurchase request has been in good faith, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Notify)

21.    Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to provide timely notice, within a reasonable period of time after discovery of their claims and alleged defects. As a result, Defendant has been damaged and prejudiced. Therefore, the Complaint

1  and each cause of action therein, is barred as a matter of law.

2  **TWENTIETH AFFIRMATIVE DEFENSE**

3  (Complete Performance)

4  22.    Defendant has appropriately, completely and fully performed and discharged any and

5  all obligations and legal duties arising out of the matters alleged in the Complaint.

6  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

7  (Compliance with Laws)

8  23.    Defendant has complied with all laws and regulations with regard to the subject

9  matter of Plaintiff's Complaint and is therefore not liable to Plaintiff for any damages that they may

10  have sustained, if any.

11  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

12  (Good Faith)

13  24.    At all times relevant and material to this action, Defendant acted reasonably and in

14  good faith.

15  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16  (Independent Causes)

17  25.    The alleged injuries, damages or loss, if any, for which Plaintiff seeks recovery, were

18  the result of causes independent of any purported acts or omissions on the part of Defendant, or any

19  of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of

20  Defendant.

21  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

22  (Failure to Inspect)

23  26.    Defendant alleges that Plaintiff's damages, if any, may have been caused by the

24  failure of third parties, unrelated to Defendant, to properly inspect the subject vehicle or products,

25  thereby eliminating or reducing the alleged liability of Defendant.

26  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

27  (Failure to Maintain)

28  27.    Defendant alleges that any and all conditions in the subject vehicle or products

described in the Complaint, if any there were, were solely a result of the failure to properly maintain and service the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Breach)

28.     Defendant alleges it did not breach any duties to Plaintiff, thereby barring and/or precluding Plaintiff from recovery.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Affirmative Conduct)

29.     Defendant alleges that there was no affirmative conduct on the part of Defendant, which allegedly caused or contributed to Plaintiff's alleged injuries and therefore Plaintiff has no cause of action against Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Substantial Factor)

30.     Defendant alleges that the negligence and other legal fault alleged in the Complaint as against Defendant, if any, was not a substantial factor in bringing about Plaintiff's alleged injuries and, therefore, was not a contributing cause.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Excessive/Speculative Damages)

31.     Defendant alleges that the damages allegedly sustained by Plaintiff, if any, was excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or unrelated to the alleged incident.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

32.     If Plaintiff suffered any loss, damage or injury, it was directly or proximately caused by, and is the result of, Plaintiff's conduct and/or their potential failure to mitigate any such loss, damage or injury.

/ / /

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Disclaimer of Incidental and Consequential Damages)

33.     Defendant is informed and believes, and on that basis alleges, that by the terms of the limited warranty for the subject vehicle at issue, Defendant is not liable for incidental or consequential damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(No Civil Penalty)

34.     Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred from the recovery of a civil penalty by reason of Plaintiff's failure to serve written notice pursuant to Civil Code section 1794, subdivision (e)(3).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Set Off)

35.     Defendant alleges that if it is established that Defendant is in any manner legally responsible for any of the damages claimed by Plaintiff, which is denied, Defendant is entitled to a set off of these damages, if any, that resulted from the wrongful acts of Plaintiff and/or others.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Spoliation of Evidence)

36.     The subject vehicle or products identified in the Complaint that was allegedly designed, manufactured and distributed by Defendant is missing, has been modified or altered and/or is no longer available for Defendant's possession, which impacts Defendant's defense in this case. Defendant is therefore entitled to relief from this spoliation, including appropriate jury instructions, admonitions and any other relief afforded by the Court.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Fees and Costs)

37.     Defendant is informed and believes, and on that basis alleges, that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against Defendant. Plaintiff should therefore be responsible for all of Defendant's necessary and reasonable

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

attorney's fees and defense costs as permitted by California law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Join an Indispensable or Necessary Party)

38.    Defendant is informed and believes and thereon alleges that the Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to include an indispensable or necessary party in the Complaint. In the absence of this indispensable or necessary party, complete relief cannot be accorded among the existing parties. The indispensable or necessary party is required to protect parties' interest and to avoid multiple or inconsistent obligations, if any, by the Defendant.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

39.    Defendant is informed and believes, and on that basis alleges, that this dispute is subject to an arbitration agreement with Plaintiff such that this matter is properly brought before a qualified arbitrator rather than in the instant court.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

40.    All causes of action in this Complaint asserted by Plaintiff are barred by the doctrine of unclean hands.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Actions)

41.    Plaintiff's damages, if any, were the direct and proximate result of intervening and superseding actions on the part of other persons and entities, and not the actions of Defendant. Defendant further alleges that these intervening and superseding causes bar any recovery against Defendant by Plaintiff.

## FORTIETH AFFIRMATIVE DEFENSE

### (Comparative Fault)

42.    Defendant is informed and believes and thereon alleges that Plaintiff and or their agents were negligent and/or at fault in or about the matter and activities described in the Complaint, and that this negligence or fault contributed to, and/or was the proximate cause of Plaintiff's alleged

damages, if any. Defendant further alleges that if it is found to be negligent and that Plaintiff is entitled to recover damages against it, such recoveries should be diminished by the degree of negligence on the part of Plaintiff and/or their agents and proportioned to the degree of negligence or fault attributable to Defendant, if any.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Vehicle Conformed to the Warranty)

43.    Defendant is informed and believes and thereon alleges that if it is determined that the subject vehicle failed to conform at any time with any applicable warranty extended by Defendant. Defendant alleges that the vehicle is now fully in conformity with such warranty.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Mileage Offset)

44.    Defendant alleges that it intends to take advantage of the reduction authorized by Civil Code section 1793.2, subdivision (d)(2)(C), if Defendant is found in violation of the Song-Beverly Consumer Warranty Act.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (No Material Defects/Workmanship Defects)

45.    Defendant is informed and believes and thereon alleges that the condition of the Subject Vehicle, as described in the Complaint, does not constitute material defects and/or workmanship defects.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Alteration)

46.    The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of Defendant. Any alleged damage or defect to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale by persons other than Defendant or any of its agents, servants, or employees, thereby barring Plaintiff's recovery herein.

/ / /

/ / /

1   **FORTY-FIFTH AFFIRMATIVE DEFENSE**

2   (Prevention of Performance)

3   47.   Because Plaintiff's actions both prevented and excused Defendant's performance

4   under the Song-Beverly Act and any and all applicable warranties, Plaintiff's claims are barred in

5   whole or in part by the prevention of performance doctrine.

6   **FORTY-SIXTH AFFIRMATIVE DEFENSE**

7   (Consent)

8   48.   The repair process to Plaintiff's vehicle was appropriate and proper and is believed

9   to have been done with Plaintiff's consent.

10   **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

11   (Implied Warranty)

12   49.   Each and every cause of action based upon breach of implied warranty is barred by

13   virtue of Civil Code section 1791.1, subdivision (c).

14   **FORTY-EIGHTH AFFIRMATIVE DEFENSE**

15   (Failure to Provide Reasonable Opportunity to Repair)

16   50.   Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer

17   Warranty Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

18   **FORTY-NINTH AFFIRMATIVE DEFENSE**

19   (Failure to Provide Notice)

20   51.   Defendant is informed and believes, and based thereon alleges, that Plaintiff failed

21   to provide notice to this answering defendant pursuant to Civil Code section 1794, subdivision

22   (e)(3). Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code section

23   1793.22 and from recovering civil penalties pursuant to Civil Code section 1794, subdivision (e).

24   **FIFTIETH AFFIRMATIVE DEFENSE**

25   (Standing)

26   52.   Plaintiff lacks standing to pursue any of the claims herein, thereby barring or limiting

27   Plaintiff's right to recovery or to other remedies against Defendant.

28   / / /

1

## **FIFTY-FIRST AFFIRMATIVE DEFENSE**

2

(Additional Affirmative Defenses)

3        53.      Defendant reserves its right to raise and plead additional defenses and/or affirmative

4   defenses which might become known during the course of discovery, as well as to dismiss any

5   defenses which, as a result of discovery, are determined to be unsupported by good faith reliance

6   upon either the facts or the law, or a non-frivolous argument for the extension, modification, or

7   reversal of existing law or the establishment of new law.

8

## **PRAYER**

9        WHEREFORE, Defendant prays for the following relief:

10        1.      That Plaintiff takes nothing by reason of Plaintiff's Complaint, and that this action

11   be dismissed in its entirety with prejudice;

12        2.      That judgment be entered in favor of Defendant, on all causes of action;

13        3.      That Defendant recover its costs of suit incurred herein as well as attorneys' fees to

14   the extent permitted by law; and

15        4.      That Defendant be awarded such other and further relief as the Court may deem just

16   and proper.

17

18   Dated:  November 18, 2024            **LTL ATTORNEYS LLP**

19

20                                   By:_____

21                                       Sabrina C. Narain, Esq.
                                         Cynthia Y. Sun, Esq.
                                         Alexandra B. Jara, Esq.
22                                       Attorneys for Defendant
                                         **MERCEDES-BENZ USA, LLC**

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action. My business address is 300 South Grand Ave., Suite 3950, Los Angeles, CA 90071. My email address is valerie.morales@ltlattorneys.com.

On November 18, 2024, I served the foregoing document(s) described as **DEFENDANT MERCEDES-BENZ USA, LLC'S ANSWER TO PLAINTIFF MIN SHIN'S UNVERIFIED COMPLAINT** on the interested parties in this action by sending a true copy thereof to the address listed below.

☐ **BY MAIL:** I placed such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC MAIL:** I transmitted the above-listed document(s) to the e-mail address(es) set forth below on this date.

☐ **BY PERSONAL SERVICE:** I arranged for Express Network Company to deliver such envelope by hand to the individuals listed below.

☐ **BY OVERNIGHT COURIER:** I caused each envelope with fees prepaid shipped by Federal Express.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 18, 2024, at Los Angeles, California.

*/s/ Valerie Morales*
Valerie Morales

PROOF OF SERVICE

## <u>SERVICE LIST</u>

*Min Shin v. Mercedes-Benz USA, LLC*

Superior Court Case No.: 30-2024-01433088-CU-PL-CJC

| | |
|---|---|
| Misoo Choi, Esq. | Attorneys for Plaintiff |
| **LAW OFFICE OF MISOO CHOI, APC** | **MIN SHIN** |
| 3435 Wilshire Blvd., Suite 2700-49 | |
| Los Angeles, CA 90010 | |
| Telephone: (323) 496-2574 | |
| Facsimile: (213) 297-0195 | |
| mchoi@mschoilaw.com | |