| | |
|---|---|
| 1 | Misoo Choi, Esq., SBN 276218 |
| | **LAW OFFICE OF MISOO CHOI, APC** |
| 2 | 3435 Wilshire Blvd., Suite 2700-49 |
| | Los Angeles, CA 90010 |
| 3 | Telephone: (323) 496-2574 |
| | Fax: (213) 297-0195 |
| 4 | Email: mchoi@mschoilaw.com |
| 5 | Attorney for Plaintiff |
| | MIN SHIN |
| 6 | |
| 7 | Sabrina C. Narain (SBN 299471) |
| | sabrina.narain@ltlattorneys.com |
| 8 | Cynthia Y. Sun (SBN 245123) |
| | cynthia.sun@ltlattorneys.com |
| 9 | Jacky P. Wang (SBN 222464) |
| | jacky.wang@ltlattorneys.com |
| 10 | **LTL ATTORNEYS LLP** |
| | 300 South Grand Avenue, Suite 3950 |
| 11 | Los Angeles, CA 90071 |
| | Telephone: (213) 612-8900 |
| 12 | Facsimile: (213) 612-3773 |
| | ltl-e-service@ltlattorneys.com |
| 13 | Attorneys for Defendant |
| | MERCEDES-BENZ USA, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN SHIN, an individual, | Case No.: 8:24−cv−02521−DOC−ADS |
| Plaintiff, | [Removed from Orange County Sup. Ct. Case No. 30-2024-01433088-CU-PL-CJC] |
| vs. | |
| MERCEDES-BENZ USA, LLC, a Delaware Corporation; and DOES 1 through 50, inclusive; | **JOINT RULE 26(F) REPORT** |
| Defendants. | Judge: Hon. David O. Carter |

Plaintiff MIN SHIN ("Plaintiff") and Defendant MERCEDES-BENZ USA, LLC ("MBUSA") (collectively "Parties") submit this Joint Rule 26(f) Report pursuant to this Court's Order Setting Scheduling Conference, dated November 22, 2024, Federal Rules of Civil Procedure 26(f), and Civil Local Rule 26-1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), counsel for Plaintiff and MBUSA met and conferred to discuss this Report on December 16, 2024. Participating counsel were Misoo Choi for Plaintiff and Cynthia Y. Sun for MBUSA.

### 1.     Statement of The Case and Claims and Defenses

**Plaintiff's Position:**

Plaintiff MIN SHIN ("Plaintiff") brings this motor vehicle lemon law action against Defendant MBUSA ("Defendant") pursuant to the Song-Beverly Consumer Warranty Act (Cal. Code. Civ. Proc. §§1790 *et seq*.) and Magnuson-Moss Warranty Act. In the Complaint, Plaintiff alleges that Defendant breached express and implied warranties that accompanied Plaintiff's purchase of a new 2024 Mercedes-Benz S63EV4, VIN W1K6G8CB5RA269481 (the "Vehicle"). Plaintiff alleges that (1) the Vehicle suffers from defects which substantially impair the vehicle's use, value, and/or safety; (2) Defendant breached the express and implied warranties provided to Plaintiff by failing to repair various alleged nonconformities as requested by Plaintiff within a reasonable number of opportunities; and (3) Defendant willfully failed to comply with its obligations under the express warranty and the Song-Beverly Consumer Warranty Act by failing to repurchase the Vehicle and is liable for civil penalty damages of up to two times Plaintiff's actual damages.

**MBUSA's Position:**

On or about September 17, 2024, Plaintiff presented the Subject Vehicle to Fletcher Jones Motorcars Newport Beach for a check engine light, and no problem was found. On or about September 24, 2024, Plaintiff presented the Subject Vehicle to Fletcher Jones Motorcars Newport Beach for a check engine light. Consequently, Plaintiff allegedly revoked acceptance of the Subject Vehicle and filed an action

1

against MBUSA in Orange County Superior Court on October 15, 2024, without taking advantage of a Better Business Bureau dispute resolution process, which should have been pursued prior to filing their action.

MBUSA will establish through first-hand accounts that the men and women of MBUSA addressed any issues that arose in the field and provided the customer service promised by MBUSA for the Subject Vehicle in accordance with the warranty. MBUSA will establish that any service conditions experienced by Plaintiff did not substantially impair the use, value, or safety of the Subject Vehicle and that MBUSA was not allowed a reasonable number of repair attempts. MBUSA further contends that the Subject Vehicle was fit for the ordinary purposes for which vehicles are used.  MBUSA contends that it is not liable for breach of express or implied warranty under the Song-Beverly Warranty Act and Magnuson-Moss Warranty Act.  Finally, MBUSA asserts that Plaintiff is not entitled to any civil penalty because he will be unable to show willfulness.

### 2. **Principal Issues**

This case alleges violation of the Song-Beverly Consumer Warranty Act and in addition to the issues listed above, relevant legal issues include: (1) Whether the vehicle contained any warranted nonconformities under the Song-Beverly Consumer Warranty Act; (2) Whether the alleged defects and nonconformities substantially impaired the use, value, or safety of the Vehicle; (3) Whether Defendant violated the Song-Beverly Consumer Warranty Act by failing to repair the alleged defects in Plaintiff's vehicle within a reasonable number of repair attempts; (4) Whether Defendant had a duty to repurchase the Vehicle; (5) Whether Defendant's failure to repurchase the subject vehicle was willful; (6) Whether Defendant violated implied warranties in connection with the purchase and distribution of the Vehicle and whether Plaintiff timely and justifiably revoked acceptance of the goods, and (7) Whether Plaintiff suffered any damages.

Beyond this, the Parties are unaware of any unusual substantive, procedural or evidentiary issues. The Parties reserve the right to file the appropriate discovery, substantive or evidentiary motions, including a motion for summary judgment/adjudication, should such a need arise.

### 3. Adding Parties and Amending the Pleadings

**Plaintiff's Position:**

Plaintiff does not anticipate adding any parties or amending the pleadings at this time but reserves the right do so.

**MBUSA's Position:**

MBUSA does not anticipate adding any parties or amending the pleadings at this time but reserves the right do so.

### 4. Motions

**Plaintiff's Position:**

Plaintiff does not presently intend to file any motions but reserve the right to do so, where appropriate and necessary.

**MBUSA's Position**:

At this time, MBUSA does not plan on filing any motions. MBUSA reserves the right to file any such motion as needed, e.g., motion to dismiss and motion for summary judgment.

### 5. Damages

**Plaintiff's Position:**

Plaintiff is seeking restitution under the Song Beverly Consumer Warranty Act, which includes the total amount Plaintiff has paid during the purchase, any incidental damages, any consequential damages, and possible civil penalties. Additionally, Plaintiff is seeking for Defendants to pay Plaintiff's attorneys' fees and costs under the Song Beverly Consumer Warranty Act.

**MBUSA's Position:**

MBUSA disputes Plaintiff's alleged damages, including that Plaintiff is entitled to restitution, civil penalties, consequential damages, attorneys' fees and costs. Additionally, MBUSA contends that Plaintiff currently claims damages in excess of $75,00.00.

### 6. Settlement Discussions and ADR Plan

#### a. *Prior Discussions*

The Parties have communicated regarding settlement and are exploring whether this matter can reach an early resolution.

#### b. *ADR Selection*

**Plaintiff's Position:**

Plaintiff is amenable to participating in mediation (ADR Procedure 2) or a settlement conference with a magistrate judge (ADR Procedure 1).

**MBUSA's Position:**

MBUSA prefers ADR option No. 1: Settlement conference with the Magistrate Judge assigned to the case.

### 7. Discovery Plan:

**Plaintiff's Position:**

#### 1. *Rule 26(a) Disclosures*:

Plaintiff served initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure on November 25, 2024.

#### 2. *Subjects on Which Discovery Will be Conducted*:

The Parties will conduct discovery on the sale transaction underlying Plaintiff's acquisition of the Subject Vehicle, the amount paid by Plaintiff for the Subject Vehicle, the condition of the Subject Vehicle, and Plaintiff's experiences with the Subject Vehicle and the efforts to repair it. The Parties' discovery will include the depositions of Plaintiff and any of Plaintiff's witnesses, a deposition of MBUSA's person most knowledgeable, a vehicle inspection of the Subject Vehicle, and deposition of

Plaintiff's and MBUSA's expert. The Parties will also propound requests for admissions, written interrogatories and document demands.

### 3. *Whether Discovery Should be Conducted in Phases*

Plaintiff does not believe the Court should issue any order concerning the phases of discovery.

### 4. *Whether Discovery Should be Limited to or Focused on Particular Issues*

Plaintiff believes discovery should be limited to the subject vehicle and Plaintiff's experiences with the subject vehicle.

### 5. *Issues Regarding Disclosure or Discovery of Electronically Stored Information*

The parties will discuss any issues related to the preservation of discoverable information and will determine whether additional, affirmative preservation efforts are warranted in this case.

### 6. *Any Issues Relating to Claims of Privilege*

None at this time. To the extent any discovery requests encompass any proprietary and/or confidential information, MBUSA will seek a protective order.

### 7. *Changes in the Limitations on Discovery Imposed Under the Federal Rules*

Plaintiff does not believe that any changes should be made to the limitations on discovery imposed by the federal rules.

### 8. *Other Orders that Should be Entered by the Court Under Rule 26(c) or Rule 16(b) and (c)*

Plaintiff does not believe that the Court should enter any other orders at this time.

**MBUSA's Position:**

MBUSA will serve its initial disclosures and exchange documents in

compliance with Rule 26 of the FRCP by December 30, 2024.[1]

MBUSA intends to pursue discovery as to the following:

- Plaintiff's ownership of the Subject Vehicle;
- The written and/or implied warranties that came with Plaintiff's purchase of the Subject Vehicle;
- The complete vehicle history of the Subject Vehicle including all repairs;
- The timing and extent of service and repairs to the Subject Vehicle;
- Communications between Plaintiff and MBUSA and all its dealership(s) including, but not limited to, all alleged service, repair or maintenance conditions that arose with the Subject Vehicle;
- Communications between MBUSA and any third parties (including MBUSA's dealership(s), service centers, call-centers, customer service hotlines, third party dispute resolution entities) regarding the Subject Vehicle;
- Plaintiff's claimed damages;
- Facts related to each of Plaintiff's causes of action;
- Plaintiff's interaction with the dealership where the Subject Vehicle was purchased;
- Plaintiff's use of the Subject Vehicle;
- Repairs conducted on the Subject Vehicle; and
- Plaintiff's contacts with MBUSA and the dealership after the Subject Vehicle was purchased.

MBUSA anticipates that there will be an inspection of the Subject Vehicle, if necessary, as well as oral testimony, including depositions of Plaintiff, expert

---

[1] FRCP 26(a)(1)(C) provides "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure."

witnesses and party representative(s) of MBUSA.

MBUSA further anticipates that discovery may also include depositions of any other third-party entities or individual(s) with relevant information regarding the purchase of or service, repair or maintenance to the Subject Vehicle. MBUSA proposes that the Parties first conduct the depositions of Plaintiff and dealership employees before Plaintiff conducts the deposition of MBUSA's corporate representative(s) in accordance with Rule 30(b)(6) of the FRCP.

MBUSA further proposes that Plaintiff give reasonable notice of Plaintiff's intent to conduct a Rule 30(b)(6) deposition before unilaterally setting a deposition date. MBUSA requests that before noticing any depositions of MBUSA witnesses Plaintiff's counsel first meet and confer with MBUSA's counsel to, among other things, discuss and agree upon acceptable dates, locations, methods, and protocols for conducting depositions. MBUSA further requests that Plaintiff meet and confer about the topics for testimony as required by Rule 30(b)(6).

MBUSA may also issue subpoenas to third parties on a limited basis should the need for such discoverable information arise.

<u>Phases of Discovery</u> – MBUSA requests discovery be conducted in phases such that the first phase of discovery should be limited in scope to the Subject Vehicle. Further, Plaintiff's depositions and a vehicle inspection should be conducted early and prior to the production of MBUSA's corporate representative so that the Parties can better understand the issues in the case and the alleged defects that have not been fixed, if any, within a reasonable number of attempts.

<u>Electronically Stored Information</u> – Regarding the method of searching for Electronically Stored Information ("ESI"), in general, and consistent with Sedona Principle No. 6, the responding party is best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information. This Principle is also consistent with, and

indeed cited in, the well-reasoned October 2019 opinion from the Southern District of California in *Nuvasive, Inc. v. Alphatec Holdings, Inc.*, 2019 U.S. Dist. LEXIS 174018.

Consequently, the party responding to discovery shall determine the method used to search for and produce responsive ESI, and such methods shall be reasonable and proportional to the needs of the case. Further, responsive electronic discovery shall be produced to the requesting party in a commercially reasonable manner or in the manner kept in the producing party's regular course of business, whichever is less burdensome and more economical for the producing party.

If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the responsive documents in a reasonably usable form on CD, DVD, hard drive, by email, or other electronic means. MBUSA may also produce responsive documents in an electronic multipage tiff format containing viewable images and corresponding OCR text load files that will allow Plaintiff to load these materials into a standard, industry-wide desktop document management program such as Relativity, Summation or Concordance.

<u>Privileged or Protected Materials</u> – MBUSA believes a protective order may be necessary depending on the information and documents sought by Plaintiff. Concerning the filing of documents under seal, MBUSA expects the Parties will comply with any stipulated protective order entered in this case, as well as the Court's Local Rules. MBUSA objects to the disclosure and production of MBUSA's confidential, commercial and/or proprietary documents and information in the absence of an appropriate protective order.

<u>Limitations on Discovery</u> – MBUSA proposes that the Court adopt the following limitations on discovery:

- MBUSA believes that the presumptive limit for interrogatories set forth Rule 33 of the FRCP, i.e., twenty-five, is appropriate unless a party can satisfy the requirements set forth in Rule 26(b)(1)-(2);
- Each party may propound up to 50 Requests for Production, including all parts and subparts to another party;
- Each party may propound up to 20 Requests for Admission, including all parts and subparts to another party;
- Depositions are limited to the parties, experts, and fact witnesses;
- Plaintiff shall be limited to 3 depositions of MBUSA (2 employees and 1 corporate representative under Rule 30(b)(6). The corporate representative deposition shall not exceed 7 topics over the course of 7 hours. No additional corporate representative depositions shall be allowed without a showing of good cause or by agreement of the Parties;
- If any party objects to a notice of deposition, either an individual deposition notice or a Rule 30(b)(6) deposition notice, the responding party need not file a motion for protective order if written objections are asserted. Instead, within 30 days of receipt of this notice, the responding party will serve written objections to the notice or deposition topics at issue. The Parties shall then meet and confer regarding the objections. Following these meet and confer efforts, if the Parties reach an impasse, the deposition shall proceed as to any portion of the deposition notice to which an objection was not made. Any remaining concerns or objections are preserved until after the deposition has been taken. All Parties reserve their positions and rights to seek Court intervention after the completion of the deposition; however, no party shall argue that the failure to file a motion to

compel or a motion for protective order waived their positions or objections;

- Custodians of records are limited to 2 key custodians per side;
- Depositions of expert and non-party fact witnesses shall be limited to 1 day and a maximum of 7 hours; and
- Any party may move to modify these limitations for good cause.

**7.     Jury Trial and Estimated Trial Length**

Plaintiff and MBUSA have both demanded a jury trial and estimate a 4-5 day trial.

**8.     Other Issues Affecting the Status or Management of the Case**

None.

**9.     Proposed Dates** (*See* Schedule of Pretrial and Trial Dates Worksheet, attached.)

   **a.     *Discovery Cut-Off***

The Parties are agreeable to November 5, 2025 as the discovery cut-off date.

   **b.     *Final Motion Cut-Off Date***

At this time, the Parties are uncertain whether it will ask the Court to resolve any claims through any dispositive motions. Notwithstanding, the Parties propose a motion hearing cut-off date of February 23, 2026.

   **c.     *Pre-Trial Conference***

The Parties propose April 13, 2026 for the pre-trial date.

   **d.     *Trial Date***

Based on current trial availability, the Parties propose May 19, 2026 for the trial date.

/ / /

/ / /

/ / /

/ / /

| | | | |
|---|---|---|---|
| 1 | Dated: | December 17, 2024 | LAW OFFICE OF MISOO CHOI, APC |

By  */s/ Misoo Choi*
     Misoo Choi

Attorneys for Plaintiff
MIN SHIN

| | | | |
|---|---|---|---|
| 6 | Dated: | December 17, 2024 | LTL ATTORNEYS LLP |

By  */s/ Cynthia Y. Sun*
     Cynthia Y. Sun

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: 8:24−cv−02521−DOC−ADS | | | |
|---|---|---|---|
| Case Name: MIN SHIN v. MERCEDES-BENZ USA, LLC | | | |
| **Event** | **Plaintiff's Request** month/day/year | **Defendant's Request** month/day/year | **Agreed Upon Date or Court Ordered Date** |
| Jury Trial −OR− Bench Trial **(Tuesdays at 8:30 a.m.)** | May 19, 2026 | May 19, 2026 | |
| Est. Length (days) | 4-5 | 4-5 | |
| Final Pretrial Conference [L.R. 16] **(Mondays at 8:30 a.m.)** | April 13, 2026 | April 13, 2026 | |
| Hearing on Dispositive Motions **(Mondays at 8:30 a.m.)** | February 23, 2026 | February 23, 2026 | |
| Cut-Off Date for All Fact Discovery | November 5, 2025 | November 5, 2025 | |
| Deadline for Settlement Conference | March 16, 2026 | March 16, 2026 | |
| Initial Expert Disclosure Deadline *(if applicable)* | December 29, 2025 | December 29, 2025 | |
| Rebuttal Expert Disclosure *(if applicable)* | January 30, 2026 | January 30, 2026 | |
| ADR [L.R. 16-15] Settlement Procedure Choice | ☒ 1. Magistrate Judge<br>☒ 2. Mediation Panel<br>☐ 3. Private Mediation | ☒ 1. Magistrate Judge<br>☐ 2. Mediation Panel<br>☐ 3. Private Mediation | ☐ 1. Magistrate Judge<br>☐ 2. Mediation Panel<br>☐ 3. Private Mediation |

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 300 South Grand Avenue, Suite 3950, Los Angeles, CA 90071.

On December 17, 2024, I served the foregoing document(s) described as **JOINT RULE 26(F) REPORT** on the interested parties in this action by sending a true copy thereof to the address listed below.

☐ **BY MAIL:** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC MAIL:** I transmitted the above-listed document(s) to the e-mail address(es) set forth below on this date.

☐ **BY PERSONAL SERVICE:** I arranged for Express Network to deliver such envelope by hand to the individuals listed below.

☐ **BY OVERNIGHT COURIER**: I caused each envelope with fees prepaid shipped by Federal Express.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 17, 2024, at Los Angeles, California.

*/s/ Michael Shutack*
Michael Shutack

<u>**SERVICE LIST**</u>

*Min Shin v. Mercedes-Benz USA, LLC, et al.*

Superior Court Case No.: 30-2024-01433088-CU-PL-CJC

District Court Case No.: 8:24-cv-02521-DOC-ADS

| | |
|---|---|
| Misoo Choi, Esq.<br>**LAW OFFICE OF**<br>**MISOO CHOI, APC**<br>3435 Wilshire Blvd., Suite 2700-49<br>Los Angeles, CA 90010<br>Telephone: (323) 496-2574<br>Facsimile:  (213) 297-0195<br>mchoi@mschoilaw.com<br>lcampante@mschoilaw.com | Attorneys for Plaintiff<br>**MIN SHIN** |